**Minister Enoch Azeez Aleem BEY, f/k/a King Elbert Tyrone I and elbert ferguson, Appellant**

**v.**

**The Commonwealth of PENNSYLVANIA; The City of Philadelphia; Philadelphia Police Department; Officer Nikkia Witcher, Badge # 2060 19th District; Officer, Badge # 0910 19th District.**

No. 09–2445.

United States Court of Appeals, Third Circuit.

Submitted for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Aug. 20, 2009.

Opinion filed: Sept. 15, 2009.

Enoch Azeez Aleem Bey, Bala Cynwyd, PA, pro se.

Before: SLOVITER, FUENTES and JORDAN, Circuit Judges.

## OPINION

PER CURIAM.

Enoch Bey appeals pro se from the District Court's dismissal of his removal motion and subsequent denial of his motions for an extension time and leave to file an amended notice of removal. Because Bey presents no substantial question on appeal, we will affirm.

In January 2009, Bey (under the alias King Elber Tyrone I) filed a motion for leave to proceed in forma pauperis and an unsigned notice of removal in the District Court. The court granted the motion for IFP and dismissed the action for lack of subject matter jurisdiction because Bey was attempting to remove a state criminal action to federal court.

Bey then filed a motion for extended time for leave to file an amended notice of removal in which he proclaimed his nationality as a "Moorish American" and cited to the Thirteenth Amendment as a basis for his nationality. He also claimed that he was a party to the Treaty of Peace and Friendship of 1787 between Morocco and the United States of America and that "my status as a sovereign prevents this court

from being able to establish jurisdiction over me." He requested that the District Court remove his case from the "lower court"—presumably the state court—and dismiss the action with prejudice for lack of jurisdiction. The District Court denied the motion, noting that the matter was previously dismissed for lack of jurisdiction.[1] Bey timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We may summarily affirm if it clearly appears that no substantial question is presented. *See* L.A.R. 27.4, I.O.P. 10.6. Although Bey's notice of removal does not appear on the District Court's docket, a later filing reveals that Bey "respectfully demand[s] removal of the matter under the caption *COMMONWEALTH OF PENNSYLVANIA v. King Elbert Tyrone I*, docket number MC–51–CR–0061436–2008." A search of this docket number confirms that it refers to a state criminal proceeding against Elbert Ferguson, an alias of Bey. Bey has not shown why he cannot be prosecuted in state court or otherwise demonstrated an independent basis for removing his matter to federal court. *See, e.g.* 28 U.S.C. §§ 1442, 1446. Accordingly, we will affirm the judgment of the District Court.

---

1. On the same day he filed his appeal, Bey filed another motion for an extension of time to file an amended notice of removal, which the District Court denied less than a week later for the same reasons it denied the previous motion for extension of time.